**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Towery, et al., | No. CV-12-00245-PHX-NVW |
|     Plaintiffs, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| Janice K. Brewer, et al., | **ORDER DENYING MOTION FOR DISCOVERY AND PRESERVATION OF EVIDENCE** |
|     Defendants. | |

Less than 24 hours before the scheduled May 16 execution of Samuel Lopez, Plaintiffs (excluding Lopez) filed a motion asking this Court to order the Arizona Department of Corrections ("ADC") to allow Plaintiffs' attorneys to witness the intravenous ("IV") procedure during Lopez's execution. (Doc. 69.) Subsequently, the Arizona Supreme Court vacated Lopez's May 16 warrant and issued a new warrant of execution for June 27. The Court has considered the motion, Defendants' response, Plaintiffs' reply, and the brief of amicus curiae First Amendment Coalition of Arizona, Inc. The motion will be denied for the reasons that follow.

**DISCUSSION**

As a preliminary matter, it must be noted the instant motion is not timely. Plaintiffs initiated this action on February 6, 2012, and filed a second amended complaint on April 19, following the executions of Robert Moormann and Robert Towery. Nonetheless, the motion was not filed until the day before Lopez's scheduled May 16 execution, despite Plaintiffs citing difficulties with IV placement during Towery's

execution as additional grounds of support in their amended complaint.  The fortuity of Lopez's execution being postponed until June 27 has provided the Court some additional time to consider the issues raised herein, but not much.  Responsive briefing just concluded on May 29.  Accordingly, this order has been expedited.

Rule 26 of the Federal Rules of Civil Procedure provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  However, discovery requests may be limited when the material sought "can be obtained from some other source" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). "Broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

Plaintiffs assert that they could potentially discover evidence or information that will help litigate their claims if they are permitted to witness the insertion of IV lines during Lopez's execution.  The motion is based on "serious concerns" regarding Towery's execution, most notably that the IV Team spent almost a full hour placing working primary and secondary IV lines and that Towery allegedly requested to speak with counsel during the IV procedure.  Defendants counter that Plaintiffs have access to discovery to pursue their claims that does not necessitate the presence of counsel during an execution.  Plaintiffs disagree, asserting that ADC's execution logs are insufficient to demonstrate whether the prisoner suffered pain and that this information is necessary to resolve the claims raised in this lawsuit.

In its order denying Lopez's motion for preliminary injunction, the Court rejected Lopez's claim that his right of access to counsel and the courts would be violated if counsel did not witness the IV-placement procedure.  In doing so, the Court observed that repeated attempts to place an IV line do not raise a *per se* claim of cruel and unusual punishment. The Ninth Circuit affirmed.  *Lopez v. Brewer*, No. 12-16084, 2012 WL 1693926, at *8 (May 15, 2012) (finding no abuse of discretion in denying request to have

1 counsel observe IV-placement procedure).  Plaintiffs assert that this finding has no
2 bearing on the present issue because they are not arguing that repeated attempts are *per se*
3 unconstitutional.  (Doc. 80 at 5 n.6.)  However, Plaintiffs further assert that "there is some
4 point at which a protracted or sloppy IV insertion exceeds constitutional safeguards" and
5 therefore they are entitled to the requested discovery.  (*Id.* at 5.)

6       To establish a violation of the Eighth Amendment's prohibition against cruel and
7 unusual punishment, a prisoner must demonstrate there is a "substantial risk of serious
8 harm" that is sure or very likely to cause serious pain and needless suffering.  *Baze v.*
9 *Rees*, 553 U.S. 35, 50 (2008).  "Simply because an execution method may result in pain,
10 either by accident or as an inescapable consequence of death, does not establish the sort
11 of 'objectively intolerable risk of harm' that qualifies as cruel and unusual." *Id.*  As
12 explained in the order denying injunctive relief to Lopez, repeated punctures in IV-
13 placement attempts are not uncommon, either during executions or therapeutic medicine,
14 and do not result in the type of pain prohibited by the Eighth Amendment.  Thus, even
15 were Lopez to experience some level of pain during placement of the primary and
16 secondary IV lines, this would be insufficient to establish a risk of cruel and unusual
17 punishment to Plaintiffs.

18       Amicus curiae argue that Plaintiffs' discovery motion must be granted to vindicate
19 the First Amendment right of the public and press to view executions from the moment
20 the condemned is escorted into the execution chamber.  However, the rules of discovery
21 do not substitute for substantive rights, and Plaintiffs have not asserted a violation of the
22 First Amendment in their complaint.

23       **IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion for
24 Discovery and Preservation of Evidence (Doc. 69) is **DENIED**.

25       DATED this 30th day of May, 2012.

26
27            _____
                     Neil V. Wake
28                    United States District Judge